Birchard, J.
■ Two errors are assigned:—
First: The- admission of the order of the engineer; second : The instructions given to the jury. Of these in their order.
It is objected to the order, that, before i.t issued, there should have been a previous application to the plaintiff .for leave to enter the land, and a refusal, or the demand-of an exorbitant price. In reply to this objection, it is sufficient to observe, that the law imposed no such limitation of power upon the Board *53 of Public Works; and had Curtis, the engineer, been joined in this suit with these defendants,- as he well might have been, if they were trespassers, his justification would have depended" in no sense whatever upon any Such fact. Most certainly, whatever would have sustained him in entering the promises, would also sustain those who entered in virtue of his directions; they were but his agents and assistants in executing the work of the Muskingum Improvement. Much reliance is placed upon certain clauses in the contract, and .in the notice to bidders.— These provisions were inserted for the benefit of the contractors-, not' to embarrass them — to insure to them the means of securing the necessary materials, for the structure of their dam and locks, at reasonable prices. Hence the Board contracted, binding themselves, and giving to the defendants the right to compel them to exercise, in their behalf, the extraordinary powers conferred by statute, in case the stipulated contingency should-happen. The insertion of this .provision of the contract, was no limitation of the power conferred upon .the Board of Public Works, or the engineer, by the statute; that was still left to be exercised, or hot, at their discretion, under the responsibilities of their several stations, as duty and propriety might dictate. But the record shows that plaintiff was a minor — a person who could . not act — one with whom no contract could be made by these defendants. The fact was alledged in the plaintiff’s pleading, and needed no proof; and had it been material, was sufficient, so far as plaintiff’s land or timber was concerned, to have justified the order of Curtis under the clauses in the contract and notice. A minor could give no permission that would be obligatory upon him, not having the capacity to make an obligatory contract; and if that state of facts did not make a case that would justify the engineer in giving a proper-order, it is difficult to say what would.
The order, however, is said to be void because it is too general in its terms, &c.
I take it, that is not the true-test of its validity. The question is, was it broad enough to authorize the specific acts done *54 under it, and were those acts authorized by law ? It may have been very improvident on the part of Curtis, the engineer,. to so general a direction; most certainly would it have sub-jected him to serious .personal responsibility, had that been done under it which the law would not sanction. If a man of ordinary prudence, he would not have given such, a general, permit without the most implicit confidence in the good faith and intelligence of the contractors. Whatever- may have been his motives, the true question was, not whether the direction was too general and improvident, but whether it was, in fact, given; and if so, was it ample and sufficiently-descriptive to authorize an entry upon the land of plaintiff? “You are here- ‘ by authorized to go on to the wood-lands, in the vicinity of c this place, and select, cut, and furnish yourselves with the ‘ requisite quality and size of timber, for .the construction of ‘ locks, dams and other wooden structures, as may be required,” &c. It is equivalent to— you may seek your materials from any wood-land about this place; go where you can find it of the requisite quality and size in this vicinity, and cut what is necessary. Surely this was ample; and the proof tended strongly to show that suitable timber, at reasonable prices, could not well be procured nearer than from plaintiff’s land. The object of the Legislature in granting the power to enter, seize, and make use of the necessary materials, is manifest. They were unwilling to subject the State to the hazard of having its great public works impeded at the caprice of every or any individual, and equally unwilling to permit the cupidity of any person to interpose any obstacle whatever to their completion, at a fair price. It was never contemplated that the officers and agents of the State should be restricted, in their right to appropriate materials, to such as were nearest to the place of use ; such a restriction would have doubled the expense of the State. On the contrary, the plain intent was to confer ample power to take these materials wherever they could be procured at the least expense, in order that the public works might be completed at a fair cost. This, we must presume, was the under *55 standing of the Board of Public Works, and of the contractors, at the time the contract in question was entered into. Consequently the stipulation of the Board to authorize seizures, must be understood in reference to this view of their powers, and the objects of the law. With what propriety, then, could the Board refuse to permit the contractors to take materials from the places least expensive to them ? Admitting that ample graves were to be found in the village of McConnelsville, were the contractors bound to take it thence, and pay the enhanced value which the peculiar locality gave tq it, when, by going a short distance from town, better materials, at half the price, could be procured ? Must they strip the reserved'groves in the village, when, by going a few miles, better material was worth but little more than the expense of cutting, and to take it would aid the owner in clearing the forest, instead of injuring him ? Surely no prudent person would so conduct his private affairs. It is as certain, that the State néver designed their agents to conduct the public business of canal making less providently than a fair man of business would manage his objects of individual enterprise. This question is not a new one in Ohio. For more than twenty years the provision of the statute has been in force and acted upon in Ohio. Resident engineers in some parts of the State, during all that time, under the direction of the Canal Commissioners and Board of Public Works, have been permitted to direct the taking of ma*terial, from such places as were least expensive to the contractor and State, without specific instructions from the Canal Commissioners ; and their right to do so, whether in writing or by parol, though often questioned, has ever been sustained. In disposing of the second assignment of error, this subject' will be necessarily again remarked upon.
We come, then, to the objection taken to the charge of the Court.
The law under which this defence was made, is the 8th section of the act of 1825, (Swan’s Stat. 747 and 748,) which provides thus: “ That it shall and may be lawful for the said *56 ‘ Canal Commissioners, and each of them, by themselves, and f ^ any an<^ every superintendent, agent and engineer employed by them, to enter upon, and take possession of,< and ‘ use all and singular any lands, waters, streams and materials, £ necessary for the prosecution of the improvements,” &c., ££ doing no unnecessary damage.” A subsequent statute conferred this same power of the Canal Commissioners upon the Board of Public Works. That part of the act which I have quoted, is copied in the very words of the law of New York, of 1817. Under this law, the Courts of New York have held, that an engineer, employed by the Canal Commissioners, to whom was given the superintendence in constructing a portion of the canal, was authorized to enter upon the lands of individuals, and take materials for the furtherance of the work, without any express orders or direction of the commissioners. Lyon v. Jerome, 15 Wend. 569. Wheelock v. Young and Platts, 4 Wend. 647.
The reasoning of the Court in those cases, is applicable to this. As is said there, so say we here, that a construction o.f the law that would require every act done by the resident engineer and superintendent to be especially authorized by the Board, or one of its members, could not have been within the contemplation of the Legislature: it would have embarrassed the work, and was not practicable. True, the act of entering lands to take materials necessary for the work,"by statute, is to be done by the Board, or one of its members; but how to be done ? The law says, by one of their number in person, ££ and £ by any and every superintendent, agent and engineer em- £ ployed by them.” When done'by an engineer duly employed by them, the act is the act of the Board, and the engineer or agent must justify it as such. The fault of the pleas first filed in this case, consisted in a neglect to a.ver an entry under the authority of the Board. The amended plea, upon which the verdict was taken, is liable to no such objection.
We now come to the instruction complained of. Take it altogether, and we are still satisfied with it. The jury were *57 told, in substance, to inquire whether defendants were contractors; whether they were authorized by the resident en-J _ ‘ . j ■ gineer to enter on the plaintiff’s land and take the which had been taken, and whether, in so doing, they did no unnecessary damage; and if so, they should find them justified of the alledged trespass. Had Curtis, the engineer, been joined with these defendants, and justified under the Board of Public Works, and the contractors justified, as they have, this case would not be distinguishable from the case cited from 4 Wendell. Young, in that case, was the engineer, and justified as such; the others acted under his directions, without any specific directions of the Canal Commissioners of New York, and it was held they were not liable in trespass. This case, then, and the justification, is like that, with this difference : here the engineer is not sued, and there both he and the contractors were joined. The article there taken was stone; and it is to be gathered from Young’s case, as well as the case in 15 Wendell, that, whether the' materials could have been had more conveniently some where else, was a matter of no momenta— This brings us to the last clause in the charge of the Court.
The objection docs not seem to be much relied upon by counsel, yet it is worthy of a remark. The object and intention of the Legislature has already been stated, in disposing of the main objections of plaintiff, to the ruling of the Court below. The engineer’s direction was, to go upon the wood-lands in the vicinity. Counsel had urged to the jury, that the form of expression required the defendant to cut the necessary timber from the lands nearest to the lock and dam, that is, nearest to the town. The substance of the charge was, that Curtis meant no such thing; that he intended the contractors might do what the State was authorized to do, go to such land in the.’ neighborhood as was most convenient — such as would subject the State to the least sum in damages, and consequently subject the contractors to the least loss. We believe still, that the charge of the Court placed the correct construction upon the letter of the *58 resident engineer; because the words -will bear .that construction, and because, as á faithful agent of the State, bound to deal fairly with the-contractors, under, the lavv and in virtue o.f the contract; he was under obligation to1 permit the contractors to go where-they '.could 'procure materials to .the best advantage. And he was bound so to act as to secure to the contractors the benefits-;of their own-skill and' capacity-as- business men. .He had'no right, to" lessen the profits of their contract', -by forcing' 'them,'to procure timber where, :if' could 'only be had at- an extr.a '.price. - Such .a; course .would 'have, violated the spirit of the;.contract, and been highly injurious .to.the contractors. It would have accomplished . what was-.not lighter what was .of no advantage :to the State, Of any -one.elser— what -the.. law .never-contemplated, and what, both parties to-.the'contract intended should, not happen. . . ' . ' ' - . '

Judgment Affirmed.. '■