A. S. SCOTT v. R. S. HARRIS and others.

*Contract — Principal and Surety — Agreement to Forbear.*

1. If a creditor agree with his principal debtor in such manner that he is bound by the agreement to postpone the day of payment, the surety is thereby discharged from all liability.

2. In such case it is immaterial that the agreement for forbearance is usurious.

CIVIL ACTION tried at Fall Term, 1876, of CABARRUS Superior Court, before *Schenck, J.*

The plaintiff demanded payment of a note for $1,100 made payable to himself and signed by Julius Israel, principal, and R. S. Harris and D. G. Holbrooks, sureties. The note was dated Nov. 2, 1872, bearing interest thirty days after date at eight per cent. There was an endorsement on the note acknowledging the payment of interest to January 1st, 1874.

The defendants, sureties, resisted the payment of the amount upon the ground that the plaintiff and Israel, principal, had entered into a contract or agreement for a valuable consideration by which the plaintiff forebore the collection of the debt until January 1st, 1874 ; that they knew nothing of said agreement, but supposed the note had been paid at maturity ; that Israel had become a bankrupt since said maturity and insisted that they were therefore discharged from liability.

The evidence in the case was conflicting and need not be stated as the material facts were found by the jury upon issues submitted and under the instructions of His Honor, which were fully set out in the record.

*Findings of the Jury:* 1. That the plaintiff agreed with the principal after maturity of note to forbear the collection of same until January 1st, 1874.

2. That the consideration of said agreement was $180.

3. That when said agreement was made with Israel, the plaintiff did not reserve his right to sue the sureties, defendants.

4. It was admitted by both parties that the defendants knew nothing of said agreement.

Thereupon His Honor gave judgment in favor of defendants for costs. Appeal by plaintiff.

*Messrs. Wilson & Son* and *R. Barringer,* for plaintiff
*Mr. W. J. Montgomery,* for defendants.

READE, J. There is sympathy for a child who in reaching too far for a flower falls over the brink and is lost, but a creditor who clutches eighteen per cent. from the principal debtor under a contract for indulgence until he goes into bankruptcy and then reaches farther to collect the principal money out of the sureties, deserves a fall.

As soon as a debt is due and payable, if the principal debtor does not pay it, the surety may pay it and immediately sue the principal for money paid to his use. If therefore the creditor agrees with the principal debtor in such manner as that he is bound by the agreement to postpone the day of payment, he puts it out of the power of the surety to pay the debt and sue the principal, and he thereby puts the surety in jeopardy. And the surety being no party to the new contract for indulgence is discharged from all liability.

The facts in this case show the propriety of that rule.

At the maturity of the bond the principal debtor offered to pay it; but the creditor offered to forbear the collection of the bond for twelve months if the debtor would pay him in advance one and a half per cent. a month for the whole time. And the debtor agreed to it and gave his separate note for the amount, to be paid in goods, some of which were paid. The sureties knew nothing of this and supposed the debt was paid until some time afterwards and before the time of forbearance had expired, when the principal debtor went into bankruptcy and they learned the debt had not been paid.

Admitting the rule to be as stated, still the plaintiff insists that the sureties are not discharged because his agreement with the principal debtor was not a valid contract, and therefore he was not bound by it, in this; that the exacting of one and a half per cent. a month was usurious and invalid. It is not for the creditor to say that. His conscience takes fright at a danger which may never approach

him. The debtor may plead usury or not at his pleasure, and unless and until he does so the note which was given for the usury is valid, and a part of it has been already paid in goods. The contract was sufficient to prevent the sureties from paying the debt and suing the principal. And that is the wrong of which they have the right to complain.

But again the plaintiff insists; that admitting that he did agree to forbear collecting the debt out of the principal debtor yet he reserved the right to collect it out of the sureties; and that, therefore, they were not delayed for *they* might have paid the debt and sued the principal, although *he* could not.

The jury have found that the plaintiff did not expressly reserve that right. And then the plaintiff as the last resort says that although he did not *expressly* reserve the right yet he reserved it "in his mind."

If such a pretence be not too puerile to notice at all, it is sufficient to say, that the contract with the principal debtor was what passed between them, and not what was "reserved in his own mind."

No error.

Per Curiam.　　　　　　　　　　　　Judgment affirmed.