Gibmore, J.
The only question is: Did the court of common pleas err'in applying the law to the conclusions of fact found ?
To transpose and restate these findings, as we understand them, they are, in effect, as follows : As conclusions of fact, the court found that there was an agreement between the payee and principal of the note, which was past due, to extend the time of its payment for one year, in consideration of the same rate of interest as that named in the note, of which agreement the sureties had no knowledge; and that, as a conclusion of law thereon, the court held that the agreement was not valid, and did not dis-. charge the sureties, because the interest was not paid in advance.
We are not embarrassed with any question as to what the nature and terms of the contract were, for they are clearly stated in the findings of the court.
In this state such a contract is valid and binding between the parties, without the payment of the stipulated interest in advance, and if entered into without the knowledge of the sureties, will discharge them. McComb v. Kittridge, 14 Ohio, 348.
In Jones v. Brown, 11 Ohio St. 609, Gholson, J., referring to the case cited said : “ The views we have expressed, proceed on the circumstances of this case, and in no respect militate with the decision in McComb v. Kittridge. We understand that case as deciding that a valid promise to pay interest on a note past due, for a definite future period, is a sufficient consideration for an agreement to forbear for that time.” This court has never expressed a doubt as to the correctness of the decision in McComb v. Kittridge, on the point so clearly stated in the latter clause of the above quotation. On the contrary, on the point in question, McComb v. Kittridge has been expressly followed in two other cases. Blazer et al. v. Bundy, 15 Ohio St. 57; Wood v. Newkirk, 15 Ohio St. 295.
We see no good reason for departing from the law as thus laid down and heretofore followed in this court. We *640 therefore hold, that the court of common pleas erred in applying the law to the conclusions of fact found in this case.
Motion granted. The judgments of the courts below reversed; a new trial granted; for which the cause is remanded to the court of common pleas.

Judgment accordingly.