FIRST NATIONAL BANK of Charlotte v. LINEBERGER, RHYNE & CO.

*Surety and Principal—Endorser—Indulgence to Principal, when a Discharge to Surety—Usury.*

1. Forbearance given by a creditor to the principal debtor, by an agreement which binds him in law and would bar his action against the debtor, discharges the surety, unless at the time of forbearance given, the creditor unqualifiedly reserves his rights and remedies against the surety.

2. The agreement for such indulgence, if not under seal, must be founded upon a sufficient consideration—such as is legally binding on the credi-

tor and one the debtor may enforce against him.   But if the consideration be usurious, when such a contract is void, the agreement will not discharge the surety or endorser.

(*Evans v. Raper*, 74 N. C., 639, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MECKLEN-BURG Superior Court, before *McKoy, J.*

The plaintiff declared upon a promissory note made by W. & R. Tiddy, for two hundred and sixty-five dollars, payable to the order of the defendants, Lineberger, Rhyne & Co., sixty days after date, and dated the 6th of March, 1874.   And they allege that the said note was endorsed by the said Lineberger, Rhyne & Co., to them for money lent, and that no part thereof has been paid except the interest thereon up to January, 1876.

The defendants, by way of defence, say in their answer, after admitting the endorsement, that no notice was ever given to them of the failure of said makers to pay said note at maturity; that they have no knowledge or information sufficient to form a belief as to the fact that said note had not been paid by said makers, but they believe it had been paid; and for a further defence they say that after the said note became due, and without the knowledge or consent of defendants, plaintiff for a valuable consideration made an agreement with said W. & R. Tiddy, whereby they agreed to extend the time for the payment of said note by said makers for thirty days or more.   Thereupon the following issues were submitted to a jury:

1. Did the plaintiff at or before the maturity of the note sued upon, receive from the makers thereof interest thereon in advance, and if so, when, at what rate, and for what time?   Answer—They did; one and one-half per cent per month from maturity until January, 1876.

2. Did plaintiff, in consideration of the payment of interest in advance on the note sued on, agree with the makers

to forbear the collection of the said note for the time for which interest was so paid? Answer—They did.

3. Did the defendants have any knowledge of or assent to such agreement to forbear? Answer—They did not.

4. Did the plaintiff at the time of the agreement to forbear as to the maker, reserve its rights and remedies against the endorser? Answer—Yes.

5. Has the note or any part of it been paid? Answer—Yes; amount $71.55.

Upon this finding of the jury there was judgmnet for the plaintiff and the defendants appealed to this court.

*Messrs. Bynum & Grier*, for plaintiff.
*Messrs. A. Burwell* and *Jones & Johnston*, for defendants.

ASHE, J. There was no exception taken on the trial to the issues submitted to the jury nor to the ruling of the court upon the introduction of evidence, and the only question for our consideration is, was there a proper judgment rendered upon the finding of the jury.

The principle is well settled that time or forbearance given by the creditor to the principal debtor by a promise or contract which binds him in law and would bar his action against the debtor, the surety is discharged. Because it essentially varies the terms of the original obligation which ceases to be that for the due discharge of which he became surety, and would deprive the surety of the power of instantly saving himself by suit against the debtor, if he should be forced to pay the debt. Parson's on Notes and Bills, 259; Daniel on Negotiable Instruments; § 1312; Story on Notes, § 14.

But this general principle is subject to qualification. The surety will not be discharged by indulgence given to the principal when at the time of the agreement for forbearance there is an unqualified reservation of the creditor's rights,

and remedies against the surety. The reason assigned for this doctrine is, because the reservation rebuts the implication that the endorser was meant to be discharged, and prevents the rights of the endorser against the maker being impaired. For the endorser after such an agreement may immediately pay the debt and bring his action against the maker, and his consent that the creditor shall reserve his remedy against the endorser is impliedly a consent that such endorser shall have recourse against him. *Evans* v. *Raper*, 74 N. C., 639; *Rees* v. *Bennington*, White and Tudor, Hare and Wallace Notes, 382; Daniel on Nego. Inst., § 1322; Story on Notes, § 416. These authorities fully sustain the judgment of His Honor in the court below, upon the finding of the jury upon the issues submitted.

But there is still another view of the case which is equally strong in support of the judgment of the superior court.

To make an extension of time to the debtor have the effect of exonerating the endorser or surety, it is not merely necessary that there should be an agreement which varies the original contract by postponing the time for its performance beyond that fixed originally by the terms of the obligation, but the agreement for indulgence, if not under seal, must be founded upon a sufficient consideration. It must be such as is legally binding upon the creditor, one that the debtor may enforce against him, either as a cause of action or as a defence, for if he could not, the surety or endorser will not be discharged. Parsons on Contracts, 240; Daniel on Nego. Instr., § 1315, and *Rees* v. *Bennington, supra*, 383. Hence it must be, that if the consideration for the forbearance be usurious, when such a contract is void by law, the agreement will not discharge the endorser. *Rees* v. *Bennington, supra*, 384, and cases there cited in note; Danl. Nego. Inst., § 1317; *Richmond* v. *Standcliff*, 14 Vermont Rep., 258; *Vilas* v. *Jones*, 1 Comstock, 286, 287.

In this last case BRONSON, J., who delivered the opinion

of the court, in reference to some contrariety in the decisions of some of the courts, with respect to the effect which the fact might have upon the rights of the surety, whether the usurious contract was executed or executory, said : "The contract for usury is equally void whether the money is actually paid or only promised to be paid. I think it is impossible to maintain that either the promise or the payment of usury is a good consideration at all."

According to the finding of the jury in our case upon the first issue, the agreement for the indulgence was void. The act of 1876–77, ch. 91, § 3, declares " that the taking, receiving, reserving, or charging a rate of interest greater than is allowed in the preceding section (six or eight per cent.) when knowingly done, shall be deemed a forfeiture of the entire interest, which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon; and in case a greater rate of interest has been paid, the person by whom it has been paid or his legal representative may recover back, by an action in the nature of an action for debt, twice the amount of the interest paid."

The purpose and effect of this statute were not only to make void all agreements for usurious interest, but to give a right of action to recover back double the amount after it has been paid. The contract then in our case to pay the one and a half per cent. per month for the indulgence was void. If agreed to be paid in the future the promise was void, and none of the sum so promised to be paid could be collected by action. And if paid down, double the amount paid could be recovered back. So the agreement taken either way had no legal binding force upon the makers, and therefore according to the authorities cited the endorser was not discharged. There is no error and the judgment of the superior court must be affirmed.

No error.                                    Affirmed.