THOMAS W. CARTER v. J. W. DUNCAN and another.

*Surety and Principal—Agreement for Indulgence.*

Plaintiff creditor made a parol contract with principal to extend the time of payment of bond beyond the date of the commencement of a suit thereon, without the knowledge or consent of the surety; *Held,* that such contract has the effect of suspending the plaintiff's right of action, and of exonerating the surety from liability.

(*Burnes* v. *Allen,* 9 Ired., 370; *Harshaw* v. *McKesson,* 65 N. C., 688; *Pipkin* v. *Bond,* 5 Ired. Eq., 91; *Scott* v. *Harris,* 76 N. C., 205, cited, commented on and approved, and *Bank* v. *Lineberger,* 83 N. C., 454, modified.)

CARTER *v.* DUNCAN.

CIVIL ACTION tried at Fall Term, 1880, of ALLEGHANY Superior Court, before *Gilmer, J.*

On the 18th of March, 1876, the defendant, J. W. Duncan, executed his note under seal and therein promised to pay to the defendant, H. F. Jones, for value received, the sum of $308.49 on or before September following, and the like sum on or before March 18th, 1877, with interest from date at the rate of eight per cent. per annum. On June 20th the payee, H. F. Jones, assigned the note to the plaintiff, and by the terms of said assignment he bound himself "for the payment of the same unto him, the said T. W. Carter, always, whether suit is brought for the collection of the same or not," signing and sealing his endorsement. On the same day the following covenant entered into at the instance of the plaintiff was also endorsed upon the transferred note: "For value in full received we do promise, obligate, and agree to pay the within note of principal, six hundred and sixteen dollars and ninety-eight cents, with eight per cent. per annum on the same from March 18th to T. W. Carter without abatement, plea or off-set, as witness our hands and seals this the 20th day of June, 1877.

(Signed and sealed by J. W. DUNCAN,

H. A. DUNCAN.)

The defendant, J. W. Duncan, in his answer sets up a contract between the plaintiff and himself for a valuable consideration in part paid and the residue tendered and refused, for forbearance during a period which had not expired when the action was brought, and the other defendants rely on said contract, made without the consent of either, and against the expressed will of one of them, that no indulgence should be given, and known to the plaintiff, as a discharge of their respective liabilities, as sureties for the debt. The plaintiff at the trial entered a discontinuance of the action against the defendant, H. A. Duncan, and thereupon the following issues, agreed upon between the re-

maining parties were prepared and submitted to the jury who find as follows:

1. Did the plaintiff contract with the defendant, J. W. Duncan, to extend the time of payment beyond the date of the commencement of the action? Ans. Yes.

2. Did the plaintiff enter into such contract with the defendant, J. W. Duncan, without the consent of the defendant, H. F. Jones, to extend the time of payment of the note sued on? Ans. Yes.

The evidence introduced tended to show that when the note was assigned a verbal agreement was entered into between the plaintiff and the principal debtor, that the latter should pay to the plaintiff, on or before June 22d, 1877, the sum of $27.67 in addition to the stipulated interest then due, and upon such payment should be allowed an indulgence of a year thereafter; and upon the payment of a like sum and interest due on June 22d, 1878, the time of payment should be extended for another year; that the first payment was made and the second payment tendered and refused, and that the defendant, H. F. Jones, never knew of or assented to the arrangement.

Upon the rendition of the verdict for the defendants, the plaintiff moved the court for judgment *non obstante veredicto,* which being refused, and judgment entered for the defendants, the plaintiff appealed.

*Mr. George V. Strong,* for plaintiff.
*Messrs. Watson & Glenn,* for defendants.

SMITH, C. J., after stating the case. It was formerly held under rules strictly technical, that a subsequent parol agreement between the parties to an instrument under seal varying its terms, or suspending its operation, or deferring an accrued right of action thereon, was inoperative by reason of its merger in the higher security; and the rule prevails

as to promises previous or subsequent alike, where the promise and covenant are the same. *Burnes* v. *Allen*, 9 Ired., 370. The effect of a parol agreement, sustained by a sufficient legal consideration, for further forbearance in enforcing the right of action which had arisen upon a covenant, is fully discussed and the authorities citied and commented on in the opinion of RODMAN, J., in the case of *Harshaw* v. *McKesson*, 65 N. C., 688. It is there held that an acceptance of a mortgage security for a debt due by bond and a contemporary contract on the part of the creditor, put in the form of a covenant by his agent, but for want of authority under seal, effective only as a parol undertaking to give indulgence for three, four and five years in consideration of the mortgage, had the legal effect of suspending the plaintiff's right of action. The principle there laid down quoted from note to *May* v. *Taylor*, 6 M. & G., 262, under the old system of practice, is thus expressed: " The distinction appears to be this: there can be no dispensation with a contract under seal except by a release under seal. Accord and satisfaction before breach is therefore a bad plea in covenant because it amounts to a dispensation. But accord and satisfation *after breach* is a good plea, because the subject matter of the payment and acceptance in satisfaction is not the covenant, which still remains entire, but the damages sustained by the particular breach of it for which the action is brought." " There is little use," remarks the court, "in holding on to a rule after it has been reduced to such a shadow," and the conclusion is reached and announced in these words: " If the matter can be pleaded as satisfaction, it *must be equally good when pleaded only in suspension of the action*." To the same effect is the case of *Canal Co.* v. *Ray*, 101 U. S., 522. While the plaintiff refused to accept the stipulated sum for the second year's indulgence for the reason that the contract is entire and single, embracing both years as payment was offered and refused, the consequences are

the same as if the money had been received. The action has been therefore prematurely brought and in disregard of the plaintiff's contract.

While it may not be necessary to consider the effect upon the rights and liability of the endorser, resulting from the finding on the second issue, yet we are inclined to hold in accordance with the opinion of RUFFIN, J., in *Pipkin* v. *Bond,* 5 Ired. Eq., 91, and the ruling in *Scott* v. *Harris,* 76 N. C., 205, to which our attention was not called in the argument in *Bank* v. *Lineberger,* 83 N. C., 454, that he as surety is exonerated by reason of the plaintiff's agreement to forbear and his acceptance of the usurious consideration for doing so, and to modify the opinion in the last mentioned case accordingly. The cases outside of the state are conflicting as will be seen by the authorities there referred to, and the following others—the preponderance seeming to be with our former ruling—*Duncan* v. *Reed,* 8 B. Monc., 382 ; *Camp* v. *Howell,* 37 Ga., 312 ; *Draper* v. *Trescott,* 29 Barb., 401 ; 15 Ohio St. Rep., 57 and 295 ; 2 Danl. Neg. Inst., § 1317. We have deemed it safer for the stability of the law to adhere to our own adjudications upon the controverted point.

There is no error and the judgment is affirmed.

No error.                                        Affirmed.