Johnson, J.
More than ten days had elapsed after the judgment against Brown and Jenkins had been rendered, before this undertaking for stay of execution was given by Boling. It was done without the knowledge or assent of Jenkins, who was known to Boling and Young as surety only, and with the permission and consent of Young, the judgment creditor, at the request of Brown, the principal to the judgment.
If the same effect is to be given to this undertaking, as if given within the ten days allowed by law for entering stay, then it follows, that, as between Boling and Jenkins, who was surety only, the former was primarily liable on the judgment, the assent of the latter to giving such undertaking, being wanting. S. & S. 424; R. S. 6654.
If this undertaking be regarded as a statutory obligation, then, in case of compulsory payment of the judgment by Jenkins; he could have maintained an action on the undertaking, by reason of the primary liability of Boling.
The compulsory payment by Jenkins would not be a satisfaction of the condition of the stay bail. It was so held in Dernier v. Jenkins, 20 Ohio St. 336.
For equally cogent reasons, Jenkins had a right of action against Young, the judgment creditor, to recover back the amount he was compelled to pay to release his property. As to Young, the compulsory payment was not a satisfaction of the judgment in his favor.
*140 But the undertaking was given after the time had elapsed, within which it could be taken. It was competent, however, for the parties to secure the extension of time for payment by a contract valid at common law. If supported by a sufficient consideration, such a contract is mutually binding on the parties to it. In legal effect, Boling promised to become surety for the payment of this judgment if Young would wait eight months. Young agreed to this, and fully performed the promise on his part. Boling was therefore liable on this undertakings as a common law contract, unless he was discharged by the payment by Jenkins, under compulsory process to save his property. Duchwall v. Rodgers, 15 Ohio St. 544.
It was a binding contract, between Young, as judgment creditor, and Brown, the principal debtor, and Boling, as his surety, that if Young would extend the time of payment eight months, Boling would pay the judgment in default of payment by his principal. As Jenkins, the surety in the judgment, was not a party to this contract, and did not assent to it, he was discharged from all liability. Blazer v. Bundy, 15 Ohio St. 57.
It remains to inquire, what was the effect of the compulsory payment by Jenkins ? It is claimed that this payment satisfied the judgment and therefore the condition of the undertaking was not broken. That condition was that in default of payment of the judgment by “ defendants ” he would pay the same. The defendants were Joseph Brown, James Jenkins and William King. The two latter, Boling had aided to discharge from liability, so that in fact Boling, was surety for Brown only.
The payment by Jenkins was made under duress of goods and chattels, and gave him a right of action to recover the amount, either on the undertaking, as was held in Dernier v. Jenkins, supra, or against Young. Such a payment did not operate as a satisfaction of the judgment. As between the parties to it, who had not been discharged by the extension of time, it was still in full force. Boling was liable to Young for the default of his principal. As Brown had made default, he was liable to Young, and the compulsory payment by Jenkins, *141 which he recovered back in an action against Young, was not a satisfaction of the judgment nor a performance of the condition of the undertaking. Boling remained liable thereon to the extent of the judgment, interest and costs thereon, but not for costs adjudged against Young in the action against him by Jenkins to recover back the amount paid. Baker v. Cincinnati, 11 Ohio St. 534; Denier v. Jenkins, 20 Ohio St. 336; Stephan v. Daniels, 27 Ohio St. 527.

Judgment of the district cout't affirmed.