ALFRED FORBES v. B. S. SHEPPARD and WILLIAM WHITE-
HEAD.

*Principal and Surety—Exoneration—Forbearance—Contract—
Evidence.*

1. It is competent upon the trial of an action upon a bond, to show that one of the obligors was surety, and this fact was known to the obligee.

2. An agreement with a principal, on a sufficient consideration, to forbear to sue for a fixed period, without reserving the right to proceed against the surety, and made without his assent, will exonerate him from liability.

3. The exoneration grows out of the *agreement* to forbear, and is not affected by the creditor's breach of it.

(*Welfare* v. *Thompson*, 83 N. C., 276; *Cole* v. *Fox*, Ibid., 463; *Goodman* v. *Litaker*, 84 N. C., 8; *Williams* v. *Glenn*, 92 N. C., 203; *Carter* v. *Duncan*, 84 N. C., 679; *Scott* v. *Harriss*, 76 N. C., 205; *Bank* v *Lineberger*, 83 N. C., 454; cited and approved).

CIVIL ACTION, tried before *Connor, Judge,* at Fall Term, 1885, of PITT Superior Court.

There was a verdict and judgment in favor of the defendant Whitehead, from which the plaintiff appealed.

The defendant Sheppard, as principal, and the defendant Whitehead, as surety, for money loaned to the former by the plaintiff on March 12th, 1881, to secure the same, executed to him their bond in the following form:

On or before January 1st, 1882, we, or either of us, promise to pay to Alfred Forbes, or order, eight hundred and eighty dollars, with interest at eight per cent. from date, being for value received.

Witness our hands and seals.

B. S. SHEPPARD,            (Seal.)

WILLIAM WHITEHEAD, (Seal.).

Several small sums, besides one of $240, are endorsed as credits, with their respective dates.

The present action was instituted in February, 1884, against both defendants, of whom the said Whitehead alone put in an answer.

In defence, he alleges that on a day not mentioned, the plaintiff and his co-defendant, the principal debtor, entered into an agreement, whereby for the consideration of $25.00, to be paid by defendant, and paid by him, the plaintiff promised to indulge and extend the time of payment for ten months thereafter, and that this was without the knowledge or consent of respondent, whereby he alleges he became and is exonerated from liability for the debt.

Upon this controverted matter of defence, issues were drawn up and passed on by the jury, who find in response:

1. That Whitehead signed the bond as surety, and this was known to the plaintiff; and

2. That the plaintiff did agree with Sheppard, in consideration of $25.00 paid him by the latter, to give him indul-

gence upon the bond, and not to sue thereon, until the 1st of January, 1885. ·

On the trial, the defendant Sheppard was introduced as a witness for the contesting defendant, who testified that he borrowed the money, and the bond was executed by White-head as a surety, and this was understood by the plaintiff; that about the last of January, 1884, hearing that the latter wanted his money, witness saw him, and he agreed for the sum of $25.00 to indulge him till January 1st, 1885, and would not sue before that time; that afterwards he rode up to plaintiff's store, where he was standing, and handed him the money agreed on, saying: " Here is that money I promised you ;" and the plaintiff then retired into his store, and witness left; that about two weeks later, and after the action was begun, plaintiff offered him the money, which was refused ; and that Whitehead knew nothing of the arrangement.

The plaintiff for himself testified, that when applied to for the loan of the money, nothing was said about the suretyship of Whitehead, but he supposed he was surety to the bond ; that the bond was afterwards delivered by Sheppard, who received the money ; that in February, 1884, Sheppard came to his store and said : " I will give you that $25.00 if you will give the indulgence;" that witness took the money, went back into the store, examined the bond, and finding that it would be out of date in a short time, as to the surety, determined not to give the indulgence ; that returning to the front of his store, he found that Sheppard had left; that when he next met him, he tendered the money, which was refused, and it was then credited upon another account; that while he did not remember it, he would not swear that no previous conversation had taken place about forbearing to press the collection of the debt.

The suit was commenced on the same day that the money was received.

8

The plaintiff did not object to the evidence relating to the suretyship when it was offered, but afterwards, before the testimony was closed, moved to have it withdrawn from the jury as incompetent, and asked the Court to instruct the jury to this effect, because it was offered to vary or change the legal relations of the parties as shown upon the face of the bond.

The Court declined both propositions, and the plaintiff excepted.

When about to address the jury, the plaintiff's counsel stated that he proposed to argue from the testimony, that the giving the $25.00 "was a trick calculated to throw plaintiff off his guard, and deprive him of due opportunity of deliberation," and if it had that effect, it was not accepted, and no contract made.

The Court replied to the suggestion, that there was no evidence of trick or fraud, and in consequence counsel declined to argue the case to the jury.

The plaintiff's counsel requested an instruction, which was in substance given, in this form :

If when Sheppard handed the $25.00 to the plaintiff, the latter took the money, not in fulfilment of a previous contract, but to hold until he should examine the papers and determine whether or not he would accept the money, and upon examining the paper concluded not to accept it, or to complete a contract to indulge the bond, and so informed Sheppard as soon as he afterwards could, and offered to return the money, then the contract to give time was not complete and binding on the plaintiff.

*Mr. W. B. Rodman, Jr.*, for the plaintiff.
No counsel for defendant.

SMITH, C. J., (after stating the case). 1. Exception. Aside from the fact that the evidence of suretyship was received

without objection at the time, we concur in his Honor's ruling that it was competent, and is sustained by the following adjudications: *Welfare* v. *Thompson*, 83 N. C., 276; *Cole* v. *Fox, Ib.*, 463; *Goodman* v. *Litaker*, 84 N. C., 8; *Williams* v. *Glenn*, 92 N. C., 253.

2 Exception. The effect of a contract for forbearance to sue for a fixed and limited period, founded on a sufficient consideration, with the principal, without reserving the right to proceed against the surety, and made without his assent, is too well settled to need further discussion. The exoneration of the surety is the same when the contract of forbearance is usurious in terms, and especially when the consideration has been paid. We are content to cite some of our own adjudications. *Scott* v. *Harriss*, 76 N. C., 205; *Bank* v. *Lineberger*, 83 N. C., 454, modified in *Carter* v. *Duncan*, 84 N. C., 679; and to refer to some recent text books—Brant on Suretyships, §304 and following; Baylies on Sureties, page 251, *et seq*

3. Exception. We think there was no evidence of any trick or fraud practiced in bringing about the arrangement for indulging the debt. The transaction was entirely free from the imputation of unfairness, upon the defendant's testimony, nor does the plaintiff's statement vary its aspect in this respect.

Inasmuch as no indulgence was in fact given, as suit was brought on the very day when the money was paid, in disregard of the contract, it occurred to us that it was thus virtually annulled, and no disability imposed upon the surety to his disadvantage. But the authorities are to the contrary, and it is held that the exoneration grows out of the agreement to forbear, and is not affected by the creditor's breach of it after it was made.

We find no error in the record, and the judgment must be affirmed.

No error.            .            Affirmed.