The action was brought by the Chemical Company of Canton against their agent, T. H. Pegram, Jr., to recover an alleged balance due by him for fertilizers sold, amounting to $4,140, and against L. W. Pegram and T. H. Pegram, Sr., to recover the penalty ($3,000) of a bond executed by them as sureties for Pegram, Jr.
Upon the hearing of the report and exceptions filed by plaintiff (620) and defendants, the court overruled plaintiff's exceptions and sustained defendants' exceptions, and adjudged that the plaintiff recover of the defendant T. H. Pegram, Jr., the sum of $3,049.33, with interest thereon from 7 March, 1892, until paid, and the costs, and that the defendants L. W. Pegram and T. H. Pegram, Sr., sureties on the bond sued on, go without day.
The plaintiff appealed from so much of the judgment as dismissed the action against the sureties.
It was said by Smith, C. J., in Forbes v. Shepherd,98 N.C. 111, that "The effect of a contract for forbearance to sue for a fixed and limited period, founded on a sufficient consideration with the principal, without reserving the right to proceed against the surety and made without his assent, is too well settled to need further discussion," An examination of the record in this case shows that every element necessary to constitute this defense for the defendant sureties concurs here. They undertook that their principal would faithfully perform his contracts with the plaintiff and would meet all their (621) requirements.
By the terms of those contracts, which are set out in the complaint, the principal debtor, plaintiff's agent, agreed that he would pay plaintiff for fertilizers sold by him at times herein specified, and that, as evidence of his liability, he would give to plaintiff his promissory notes for such sums, due and payable on the days fixed in the said contracts. This latter thing he did. It seems to be conceded that the defendants were bound for the payment of those notes at maturity, for their payment then was one of "the requirements of the contracts."
The acceptance of notes due at certain future times in renewal of, and substitution for, the notes then past due, for which these sureties were liable, accompanied by the surrender of the old notes, as settlement being then made, constituted a contract on the part of the plaintiff that it would postpone the assertion of its rights against the principal debtor, the maker of the notes, till they matured. This was founded upon a sufficient consideration, the renewal of the notes and the making the *Page 430 
settlement. There was no reservation of a right to collect the old notes. So far as appears their surrender was without condition. Nor was there any reservation of right against the sureties, nor any evidence that they assented to the extension of time. Hence the sureties were discharged for two reasons: the contract had been materially altered without their consent, and it was no longer the contract for the performance of which they were liable; they had a right, when the debts for which they were bound became due, to pay those debts and immediately proceed against the principal for indemnity — plaintiffs' conduct deprived them of this right.
We are precluded from any consideration of the point made here for the first time, that, as the answer of the defendant sureties did (622) not aver that they had been released from liability by extension of time granted to the principal, they could not avail themselves of that defense, for we can consider only such exceptions when they are first taken in the court below. Harper v. Dail, 92 N.C. 394. This is settled by repeated adjudications.
AFFIRMED.
Cited: Sutton v. Walters, 118 N.C. 502; Bank v. Sumner, 119 N.C. 595;Revell v. Thrash, 132 N.C. 805; Foster v. Davis, 175 N.C. 544.