## JOHN L. HINTON v. H. T. GREENLEAF and Wife.

*Mortgaged Land Treated as Surety—Principal and Surety—Forbearance to Sell Principal Security, Release of Surety Property.*

1. Where a husband mortgages his property for his debt, and in the same mortgage the wife conveys her own separate property as security for the same debt, her property so conveyed will be treated in all respects as a surety, and will be discharged by anything that would discharge a surety or guarantor who was personally liable; therefore,

2. Where property of a wife was conveyed as additional security for a debt of her husband, and the creditor before assigning the debt, and after it was due, as well as the assignee of the debt, made an agreement with the husband to postpone the sale of the property included in the mortgage for a definite period, and such agreements for forbearance were made without the knowledge or consent of the wife, and without a distinct and explicit reservation of the creditor's right to sell the wife's property: *Held*, that the wife's property was discharged from all liability under the mortgage, and the purchaser at a sale under the mortgage (being the assignee of the debt who made the agreement of forbearance) acquired only a naked legal title, and is not entitled to recover the land.

CIVIL ACTION to recover possession of land sold under deed of trust, tried before *Bynum, J.*, and a jury, at Spring Term, 1893, of PASQUOTANK Superior Court.

The facts are sufficiently stated in the opinion of Chief Justice SHEPHERD. From the judgment on a verdict for the plaintiff, defendants appealed.

*Mr. W. D. Pruden,* for plaintiff.

*Messrs. Grandy & Aydlett* and *Mr. F. H. Busbee,* for defendants (appellants).

SHEPHERD, C. J.: It is settled by abundant authority that, "where a husband mortgages his property for his debt, and in the same mortgage the wife conveys her own separate property as security for the same debt, her property so conveyed will be treated in all respects as a surety, * * * and will be discharged by anything that would discharge a surety or guarantor who was personally liable." 1 Brandt on Suretyship, § 32; *Cross* v. *Allen*, 141 U. S., 528; *Spear* v. *Ward*, 20 Cal., 659; *Gahn* v. *Niemcewieg*, 11 Wend., 312; *Bank* v. *Burns*, 46 N. Y., 170; Bishop Law of Married Women, 604; Jones Mortgages, 114; *Gore* v. *Townsend*, 105 N. C., 228; *Purvis* v. *Carstarphan*, 73 N. C., 575.

The deed in trust in the present case was made for the purpose of securing the payment of certain indebtedness of the husband, H. T. Greenleaf, evidenced by his notes, executed to C. W. Grandy, Jr. The deed conveys certain property of the said Greenleaf, and also the real estate of the wife, the latter alone being the subject of this controversy. It plainly appears from the said instrument that the property of the wife was conveyed as additional security for the indebtedness of the husband, and there can be no question as to the trustee, the *cestui que trust*, Grandy, and his assignee, Hinton, being affected with notice thereof. There is evidence tending to show that Grandy, before assigning the

notes and after they were due, entered into a valid agree-
ment with Greenleaf to postpone the sale of the property
contained in the deed of trust for a definite period. There is
also evidence tending to show a similar agreement on the
part of Hinton, the assignee, under which a sale of the said
property was to be postponed four years. These contracts of
forbearance were made without the knowledge or assent of
Mrs. Greenleaf, and, in our opinion, resulted in a discharge
of her property from all liability under the said deed of trust.
This property occupied, as we have seen, the position of a
surety, and it is common learning that "time or forbearance
given by the creditor to the principal debtor by a contract
which binds him in law, and would bar his action against
the debtor, will discharge the surety. *Bank* v. *Lineberger*,
83 N. C., 454; *Carter* v. *Duncan*, 84 N. C., 676; *Forbes* v.
*Sheppard*, 98 N. C., 111; *Scott* v. *Fisher*, 110 N. C., 311.

It is insisted, however, by the plaintiff's counsel that the
above principle does not apply to the facts of this case,
because in the contracts of forbearance the remedy against
the property was reserved. It is undoubtedly true that the
surety will not be discharged when, at the time of the agree-
ment for indulgence, there is a reservation of the creditor's
rights and remedies against the surety, but such reservation
must be *distinct, explicit* (Brandt, § 376) and *unqualified. Bank*
v. *Lineberger, supra.* We are unable to find in the record
any evidence of such a reservation, as it is very clear that
the testimony of Greenleaf that " Hinton did not agree to give
up the mortgage," does not amount to such a reservation of
the remedy against the surety property as is contemplated
by the law. Had there been a valid agreement of that char-
acter, it would have amounted to an equitable discharge of
the trust, in which event the creditor could not have reserved
his right to proceed against the said property. *Nicholson* v.
*Revill*, 4 Add. & Ell., 675; *Kearsley* v. *Cole*, 16 M. & W., 136.
The fact, therefore, that the "mortgage" was not given up or

discharged, is entirely consistent with the principle invoked by Mrs. Greenleaf, which principle indeed would have nothing to operate upon but for the contemplated continuance of the liability. The agreement was, in effect, to postpone the sale of the *entire* property contained in the trust. This was an alteration of the original contract without the consent of Mrs. Greenleaf, and deprived her of her right to discharge the indebtedness at maturity, and to immediately proceed against the principal. In order to retain the security there should have been a clear reservation of the right to sell her property; but instead of doing this, the creditor, as we have said, entered into a binding contract with the principal to forbear the sale of any part of the property contained in the trust.

We think his Honor erred in directing a verdict against Mrs. Greenleaf, for, if her contention be true, the assignee Hinton, who purchased at the sale made by the trustee, acquired only a naked legal title, and would not be entitled to recover.

We will add that we have carefully perused the testimony and have been unable to find any evidence that Greenleaf, in making the agreements above mentioned, was authorized to act as the agent of his wife. There must be a

New Trial.