J. J. JORDAN et al. v. H. McD. SPIERS et al.

*Co-administrators—Power of One to Bind the Other—Principal and Surety.*

1. Unlike one of two or more executors, one administrator has not the power, without the consent of his associate, to make a sale or to compromise a debt due his intestate.

2. Where one administrator, without the knowledge or consent of his co administrator, agreed to compromise a suit for the possession of land and foreclosure of a mortgage, wherein R had become surety on an undertaking given by the mortgagor (under section 237 of *The Code*) to secure the rents, etc., which agreement included an indulgence for a definite time, and no positive act of affirmation or adoption by the co-administrator of the agreement was shown: *Held*, that the surety was not released.

This action was commenced by J. J. Jordan and wife Mary E. Jordan, mortgagees in a mortgage given by H. McD. Spiers to secure a debt due said J. J. Jordan, to recover possession of the mortgaged premises, and for damages for the detention thereof, and for a foreclosure of said mortgage. The defendant filed his undertaking, found on the record, with Sampson Rea as surety, and answered the complaint.

Shortly after the beginning of the action J. J. Jordan died intestate, and P. B Picot and John E. Vann were duly qualified as his administrators, and were made parties plaintiff in this action.

At Fall Term, 1890, judgment was entered in said action in favor of plaintiffs for possession of said land, and for a foreclosure of said mortgage, as appears from the record, and the case was continued to try the issue of damages. Pending this continuance, and on the 31st day of January, 1891, the plaintiff P. B. Picot, one of the administrators of the said J. J. Jordan, entered into the following agreement with the defendant H. McD. Spiers, to-wit:

"Received this 31st day of January, 1891, of II. McD. Spiers the sum of $100, it being in part payment of a compromise of the suit now pending in Hertford County Superior Court, entitled Mary E. Jordan and P. B. Picot and John E. Vann, administrators of J. J. Jordan, against H. McD. Spiers; and the said suit is compromised on the following terms and conditions, viz.: Said Spiers is to pay all costs of said action at the time that a nonsuit is entered by said Picot and Vann, administrators. $100 cash, and $137.50 to be paid on or before the 19th day of October, 1891, with interest from this date at 8 per cent. It is specially understood and agreed by parties hereto that if said Spiers shall make the deferred payments at the time named, with the interest thereon accrued, said Picot and Vann, administrators, shall enter a nonsuit in said pending action, at Fall Term, 1891, of said Superior Court; but if said Spiers shall fail to make said deferred payment, with interest as aforesaid, at the time mentioned, said Picot and Vann, administrators, may proceed with said suit as they may be advised, and the $100 paid this day by said Spiers, shall, in the event that judgment is taken against him in said action, be deducted from said judgment, that is to say that the $100 shall be credited on said judgment.     (Signed)     PICOT and VANN, *Adm'rs.*

H. McD. SPIERS.

This January 31, 1891."

That thereafter, during the interval between the Spring and Fall Terms, 1891, of said Court, P. B. Picot died, leaving his co-administrator, John E. Vann, surviving him.

That said contract was written and signed "Picot and Vann, Adm'rs," without the knowledge or consent of said John E. Vann.

At Spring Term, 1893, of said Court, this action was called for trial before his Honor Bynum, J., and a jury. The verdict was in favor of plaintiffs. The plaintiffs moved for

judgment thereon against defendant and Sampson Rea, the surety on defendants' undertaking.

Rea answered said motion, and alleged his discharge, and set up said compromise agreement and brought out the above facts in reference thereto, and asked that the plaintiffs' motion as to him be denied.

The Court ruled that said Rea was not discharged, and granted the judgment found in the record. Said Rea excepted, and appealed.

*Mr. B. B. Winborne*, for defendant Rea (appellant).
No counsel, *contra*.

AVERY, J.: In discussing the power of one of several personal representatives to act for his associates, in the case of *Gordon* v. *Finley*, 3 Hawks, 239, Judge HENDERSON said: " One administrator cannot alone, when there are more, make a sale. They are in this respect unlike executors, for all of the administrators together represent the intestate, whereas each executor represents the testator." *Ward* v. *Sparks*, 1 Dev. & Bat., 389. The appellant Rea cannot maintain the position that he, as surety, is discharged by indulgence extended to the principal in the undertaking (under *The Code*, § 237) to pay such costs and damages, including rents and profits, as the plaintiff might recover, unless he can first show a binding agreement on the part of the creditor to forbear to proceed against the principal for a fixed period without reserving the right to move meantime against the surety. *Forbes* v. *Sheppard*, 98 N. C., 111. If, however, the surety shows a valid contract extending the time of payment for the benefit of the principal in a bond or undertaking, made without the knowledge or consent of the former, such agreement operates to exonerate the surety from liability. *Carter* v. *Duncan*, 84 N. C., 676; *Scott* v. *Harris*, 76 N. C., 205. If Picot had no authority to sell personal property belonging to

his intestate without the consent of his co-administrator Vann, we do not think he could lawfully exercise the more important and dangerous power of compromising a debt due his intestate, and thereby release the debtor in part of responsibility, on receiving only a portion of the amount due, without consulting one who had been commissioned by the officer appointed by law for the purpose of securing the benefit of the judgment of both in reference to every such important transaction. 'It is in order to divide responsibility and multiply counsellors that the Clerk is empowered in his discretion to give letters of administration to one or more of the next of kin. Such precaution on his part is in vain, if either the widow or the next of kin can compromise all of the solvent credits and dispose of all of the choses in possession without consulting the other. We are aware that authorities differ upon this subject, but we prefer to adhere to the principle as stated by Judge HENDERSON, because it is safer and more reasonable to do so. A testator is supposed to repose a special trust and confidence in every person named by him as executor, but the object of our statute is to give the power to the Clerk to utilize the combined wisdom of two or more agents in the management of fiduciary matters under his supervision.

We fail to discover in the statement of the case on appeal any evidence tending to show a subsequent ratification by Vann of the agreement entered into by Picot, his co-administrator, without his knowledge or consent. It does not appear affirmatively that Vann was consulted as to the application of the one hundred dollars paid down. When the agreement was subsequently set up by answer in the nature of a plea since the last agreement, the defendants refused in their reply to recognize it, denominating it an alleged agreement. After Picot had received the money without the consent of Vann, and presumably paid it over to the persons lawfully entitled to receive it, we cannot readily conceive of

any step other than the expression of his dissent in the replication filed, that it was incumbent on Vann to take, in order to show affirmatively that he repudiated the unauthorized conduct of his associate. If the money was within his control, he still claimed a balance due from Spiers for rent, in any view of the situation, amounting to more than one hundred dollars, and he was not authorized to refund the sum paid to Spiers when such was the state of accounts between Spiers and his intestate. It does not appear that Vann assented to a single continuance from the time he filed his reply repudiating the agreement until the trial term, when the Court allowed the payment as a credit on the amount of damages for rents and profits found by the jury. The only positive act of Vann in relation to the matter was the filing of the reply, in which both he and Mary Parker joined, and in which the agreement set up was denominated an alleged agreement.

If the plaintiffs are bound by the contract made by Picot, it must be by reason of some positive act of affirmation or adoption of the agency of Picot by Vann after being informed of what he had done. No such act has been shown. The judgment of the Superior Court is          Affirmed.