## CHRISTNER v. BROWN et al.

1. SURETY: MORTGAGE. Who was the owner of real estate, executed a mortgage upon the same, "to be void upon condition that I pay or cause to be paid a certain promissory note for twelve hundred dollars, given by B., dated with this instrument, and payable to A. or order, one year from date, with ten per cent. interest." *Held:*

   1. That the mortgagor assumed only the liability of a security. (Following *Kelley* v. *Gillespie*, 12 Iowa, 55.)

   2. That an extension of the time of payment by the payee to the maker, for a consideration, and without the consent of the surety, operated to discharge the surety from his liability.

   3. That the payment of interest in advance was a sufficient consideration to sustain a contract for the extension of time.

*Appeal from Henry District Court.*

WEDNESDAY, APRIL 20.

THIS suit in equity was brought by the plaintiff, who was a purchaser of real estate, against the defendants, A. G. Brown, his grantor, and William Allen, who claimed a lien by mortgage thereon, executed by the defendant A. B. Porter, prior to plaintiff's purchase, to secure a debt due from the defendant Brazelton; the plaintiff brought the balance of the purchase-money due from him into court, and asked that the defendants be required to establish their

respective rights thereto, and that plaintiff's title be quieted, &c. The State of Iowa, as the holder of a school fund mortgage, prior to all other liens, was afterwards made a party. The District Court rendered judgment, ordering the money to be first applied in payment of the school fund mortgage, and the residue paid to plaintiff's grantor, Brown, and cut off the lien claimed by Allen, under his prior mortgage, and from which Allen appeals.

A. H. Bereman and L. G. Palmer for the appellant.

Clarke & Doolittle for the appellees.

COLE, J.—The counsel for appellant, in addition to their printed arguments, have filed a written brief, in which they claim that there was error in the judgment, in directing the payment of the school fund mortgage with its interest. Even if there was error in this part of the judgment, the appellant has waived it on the record. In the journal entries is the following, viz: "And the said Wm. Allen, by Palmer, his attorney, having given notice of an appeal from the finding of the Court in the foregoing case, except that part of the finding of the Court in favor of the school fund, which is assented to by him," &c. The transcript is quite volumnious, and we have given to it and the arguments of counsel, our careful examination, and find but two points arising thereon or made therein.

I. Was Porter, who was the owner of, and executed a mortgage upon, the real estate in controversy, to William Allen, "to be void upon condition that I pay or cause to be paid a certain promissory note for twelve hundred dollars, given by William P. Brazelton, dated with this instrument, and payable to William Allen or order, one year from date, with ten per cent interest," a surety for said Brazelton, or did he, by such act, make himself the principal in said debt?

By the Code of 1851, and the Revision of 1860, it is provided, that in mortgage foreclosures (Code, § 2084, Rev. § 3661), if anything be found due the plaintiff, the Court shall render judgment therefor, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the amount due, with interest and costs. A special execution shall issue accordingly. (Code, § 2085, Rev. § 3662). If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagor, unless the parties have stipulated otherwise." These sections were construed and applied by this Court in the case of *Deland* v. *Mershon and wife*, 7 Iowa, 70. But this statute only fixes the liability of the mortgagor and the remedy against him; it does not change his relations to third persons, nor convert his undertaking as surety, into an obligation as principal. That the liability of Porter, by reason of his mortgage, was that of a surety, we entertain no doubt. · It has been held by this Court, in the case of *Kelly* v. *Gellespie*, 12 Iowa, 55; that if two persons sign a promissory note jointly, or jointly and severally, it is competent for one of them to show, in action at law, brought thereon, that he, was surety for the other, and this he may do by evidence *aliunde*, it being shown that the payee knew the fact." See also *Carpenter* v. *King*, 9 Met., 511; *Harris* v. *Brooks*, 21 Pick., 195; *Grafton Bank* v. *Kent*, 4 N. H., Rep., 221. But in this case, the undertaking of Porter shows upon its face that it is that of a surety only, and it requires no evidence *aliunde* to show. His promise and his mortgage is not to pay his own note and debt, but to pay or cause to be paid the note and debt of another; and herein is the difference between the undertaking of a principal and that of a surety; the former undertakes to pay his own debt, and the latter to pay the debt of another. If there was any doubt upon the face of the mortgage as to Porter's undertaking being

that of surety only, the proof in the case tends very strongly to show that such was his undertaking in fact.

II. Was the extension of time of payment of the note by Allen to Brazelton, without Porter's knowledge or consent, in consideration of the payment of the interest in advance for the time extended, and the endorsement of the extension, in writing, upon the back of the note (without signing), a discharge of Porter from his liability as surety, the fact being proved that Brazelton was solvent at the time of the maturity of the note and for sometime after, and insolvent at the date of suit?

There can be no doubt that the actual receipt of interest in advance, will form a sufficient consideration to uphold an agreement to give time to the principal, and that under such circumstances, there will be a complete exoneration of the surety. 2 Am. Lead. Cas., 4th ed., 418; *Grafton Bank* v. *Woodward*, 5 N. H., 99; *Bailey* v. *Adams*, 10 Id., 162; *The New Hampshire Savings Bank* v. *Ela*, 11 Id., 335; *The Lime Bank* v. *Millett*, 34 Maine, 547; *Fowler* v. *Brooks*, 13 Id., 240; *McComb* v. *Kettridge*, 14 Ohio, 348.

In view of these authorities and many others, we agree with the District Court, that the mortgage made by Porter to Allen is not a lien upon the land in controversy.

Affirmed.