Hunt v. Postlewait.

---

## HUNT v. POSTLEWAIT.

1. Principal and surety: RELEASE: EXTENSION OF PAYMENT. An extension of the time of payment beyond that fixed in a promissory note will not operate to release the surety, unless such extension is the result of an agreement founded upon a new consideration, and which would constitute a defense to the note in an action brought thereon by the payee against the principal, before the expiration of such extended time.

2. —— Mere forbearance is not sufficient, even though the debtor pay therefor more than by law he was obliged to pay. It was accordingly *held*, that forbearance given to the principal in a promissory note after the same became due, upon his paying the usurious interest originally agreed upon and accrued, was insufficient to release the surety.

*Appeal from General Term, First District, Des Moines County.*

WEDNESDAY, APRIL 6.

ACTION on a note executed by Peter Mertz and W. H. Postlewait; the latter signed the note " as surety " for the former, and those words were annexed to his signature. This suit is brought against Postlewait alone, the principal maker being a non-resident. The defense is that he was only surety, and the plaintiff had, by contract, extended the time of payment to the principal without his consent, and the principal is now insolvent. Trial to a jury; verdict and judgment for defendant. Plaintiff appealed to the General Term, where the judgment of the District Court was affirmed. He now appeals to this court.

*Halls & Baldwin* for the appellant.

*George Robertson* for the appellee.

COLE, Ch. J. — Upon this record and the assignment of errors, there are substantially but two points for our decision: *First*, as to the sufficiency of the evidence. The only testimony introduced by defendant was the deposition of the principal maker of the note; and the statement on oath of the defendant, that he was only surety and had no knowledge of and gave no consent to any agreement for extension of time for payment. The substance of Peter Mertz's testimony is found in the following extracts from his deposition:

"*Int.* 4. When said note became due, was the time of payment extended?

"*Ans.* When the note became due and payable the time was not extended to any particular time; but the plaintiff Hunt said to me, if I could use the money and make the interest on it, I might keep it. I paid up the interest for the year, but said Hunt did not ask me to pay the principal.

"*Int.* 5. What consideration did you pay for such extension?

"*Ans.* When the note was made, I agreed to pay the plaintiff twenty per cent for the use of the money; he paid me four hundred dollars, and I gave him my note (the one in suit) for four hundred and forty dollars; at the end of the first year I paid him his interest, as agreed, at twenty per cent.

"*Int.* 6. How long was the time of payment on said note extended?

"*Ans.* I don't recollect as there was any certain time set; plaintiff merely told me, as I said before, if I could make the interest on the money, to keep it and pay him the interest. * * *

"*Int.* 8. How much did you pay for such extensions?

"*Ans.* No extensions were granted by the plaintiff except as I have explained; I paid nothing extra in consideration of his allowing the note to run, except the twenty per cent interest originally agreed upon, and this I paid as long and as fully as I was able. The plaintiff said to me, at the end of the first year, if you want to keep the money and will pay me the interest, you can do so; at the end of the second year he said the same thing, or words to that effect. I don't recollect whether I paid him interest two or three years, but the last time I paid him I did not pay the whole interest, but agreed to pay the balance in a short time."

Having all the evidence before us, in the very language of the witness and without his presence, precisely as the jury had it, we have no hesitation in holding that their verdict was contrary to the evidence, and the motion for a new trial should have been sustained for that reason. It is apparent that there was no consideration for the agreement to let the principal keep the money beyond that which existed without such agreement; and surely that agreement could not have been successfully pleaded as a defense to a suit upon the note brought at *any* time. Unless the agreement is made upon a consideration, and would constitute a defense to the note at *some* time, it cannot operate to discharge the surety. Mere forbearance is not enough, even though the debtor shall afterward pay therefor more than he was obliged by law to pay. The fact that the rate of interest originally agreed to be paid, and which was afterward paid, was usurious, cannot affect this case.

*Second*, as to the instructions. The court instructed the jury: "If on or after the maturity of the note it was agreed between the plaintiff and Mertz, the principal maker, that if Mertz would pay interest on the note at the rate of twenty per cent, the time of payment should be extended; and Mertz paid such twenty per cent, and this without the knowledge or consent of the surety Postlewait, then the surety would be released, and your verdict should in that case be for defendant."

This instruction is misleading, and is vulnerable to these objections: It leaves out of view the question whether the twenty per cent interest was the same rate as was originally agreed to be paid; it does not require the jury to find any consideration for the agreement to extend the time of payment; nor does it require them to find that the interest was paid in advance, or pursuant to the agreement for extension. If the twenty per cent

interest was agreed to be paid by the original contract, then the subsequent agreement to pay it cast no new or different obligation upon the principal ; or if there was no consideration for the agreement to extend ; or if the interest was not paid in advance, and was paid pursuant to the original contract, then the surety would not be released, and their verdict should not be for defendant.

We need not notice the instructions further, as the point first above ruled will doubtless be decisive of the case.

Reversed.