## J. W. HOLLINGSWORTH v. W. H. TOMLINSON et al.

*Contract—Interest—Usury—Evidence—Principal and Surety—Exoneration.*

1. Receipt of interest in advance of the time it would accrue is *prima facie* evidence of a binding contract to forbear and delay the time of payment of the princip(l, and no action can be maintained for such principal during the period covered by the agreement unless the right to sue has been reserved; and in the absence of rebutting proofs the *prima facie* case becomes conclusive.

2. The receipt of interest in advance, although upon an usurious rate, will support a contract to forbear, and if made without the assent or knowledge of the surety to the obligation will exonerate him from liability.

This was an appeal from a Justice's judgment in a CIVIL ACTION on a note for $175 due ninety days after November 5, 1886, with interest at eight per cent., tried before *MacRae, J.*, at November Term, 1890, of CUMBERLAND Superior Court.

The execution of the note was admitted, and also that the defendant Rosenthal and McQueen's estate were sureties only, Tomlinson being principal on the note.

The following issue was submitted by consent of counsel:

"Was there an arrangement between the plaintiff and the principal debtor Tomlinson unknown to and not agreed to by the sureties, by which the sureties are released from their obligation upon the note?"

The burden of proof being upon the defendants they offered the defendant Tomlinson, who testified that he is the principal debtor on the note and got the money from the plaintiff; that when he borrowed this money from plaintiff, he was to pay a pretty good interest—seventeen or eighteen per cent.

As long as he paid the interest, nothing was said. When the note became due there was nothing said about the principal. As long as he was able to continue the payment of interest it seemed all right with the plaintiff; he wou'd not swear positively that he had any definite conversation with plaintiff about it. The main thing that passed between him and plaintiff was his paying him this big interest and borrowing the money from him. It was under an understanding between plaintiff and him that he paid the seventeen or eighteen per cent interest; he did not know anything about the date of payment of interest; he paid him interest in advance, at the maturity of the note, and when the endorsement was made upon the note; he could not remember how long he paid interest, but he did until he got so he could not pay. He paid interest on it a good long time after it was due.

Neither of the sureties knew anything about his paying this eighteen per cent. interest.

This action was begun on the 15th of March, 1889.

George Rosenthal testified, for defendants, that he is surety on this note; that he never knew of any arrangement between Mr. Tomlinson and the plaintiff about the payment of interest and the principal not being called for; that he never assented to it. A month or so before this action was brought, plaintiff came and told witness: "Here, I have got your endorsement." Witness, said, "What endorsement?" Plaintiff then told witness about these notes. At that time this endorsement was on the note, " Interest paid up to May 5, 1888." Witness said : " What made you keep those notes until McQueen was dead and Tomlinson not able to pay?" He made no reply except, "I have got your endorsement."

The plaintiff offered no evidence.

The presiding Judge instructed the jury that there was no evidence that there was any agreement between plaintiff and the principal debtor Tomlinson by which the sureties were released.

Defendants excepted to all of the charge. The jury, under instructions, responded to the issue, "No."

Judgment for plaintiffs, and defendants appealed.

*Mr. George M. Rose*, for plaintiff.
*Mr. T. H. Sutton*, for defendants.

SHEPHERD, J.: The only issue submitted to the jury was as follows: "Was there any arrangement between the plaintiff and the principal debtor, Tomlinson, unknown to and not agreed to by the sureties by which the sureties are released from their obligation upon the note?"

His Honor held that there was no evidence of any such agreement, and the issue was answered in the negative.

It is true that the witness Tomlinson (the principal in the note) did not testify in express terms that there was an agreement to forbear for any definite time, but, considering the whole testimony, we think that there was sufficient evidence to have warranted an affirmative finding of the issue. The note matured on the 5th of February, 1887, and Tomlinson testified that at that time he paid the plaintiff interest in advance, when an endorsement was made upon the note. The endorsement is as follows: "Interest paid up to May 5th, 1888."

"The general rule is that the reception of interest in advance upon a note is *prima facie* evidence of a binding contract to forbear and delay the time of payment, and no suit can be maintained against the maker during the period for which the interest has been paid, unless the right to sue be reserved by the agreement of the parties. The payment of the interest in advance is not of itself a contract to delay, but is evidence of such contract; and while this evidence may be rebutted, yet, in the absence of any rebutting evidence, it becomes conclusive." Brandt on Suretyship, 305. The fact that, when the interest was paid, nothing was said

about the principal, does not of itself rebut the "*prima facie* evidence of the binding contract" of forbearance; for such a contract "need not be in express terms, nor proved by direct evidence. * * * It is sufficient if a mutual understanding and intention to that effect are proved. If the parties act upon the terms of an implied agreement to that effect it will be sufficient." Brandt, *supra*, 304.

The testimony as to the dealings between the plaintiff and the principal debtor, so far from rebutting, very strongly sustains the *prima facie* evidence of an agreement to forbear, resulting from the payment of the interest in advance. His Honor was, perhaps, influenced in his ruling by the case of *Bank* v. *Lineberger*, 83 N. C., 454, in which it was held that usurious interest, either promised or actually paid, would not support a contract of forbearance. The ruling in that case was modified in *Carter* v. *Duncan*, 84 N. C., 676, the attention of the Court not having been called to *Scott* v. *Harris*, 76 N C., 205, and other previous decisions. So it is now well settled that "the exoneration of the surety is the same when the contract of forbearance is usurious in terms, and especially when the consideration has been paid." *Forbes* v. *Sheppard*, 98 N. C., • 111. For the foregoing reasons we think there should be a new trial.                                             Error.