CHARLES GUERGUIN V. W. W. BOONE.

Decided December 2, 1903.

1.—Trial—Opening and Conclusion—Joint Defendants.

Where only one of several defendants, joint signers of the note sued on, filed the statutory admission, with prayer for the right to open and conclude in adducing the evidence and in the argument, such prayer was properly denied.

2.—Surety—Release by Extension of Time—Forbearance.

While an agreement by the holder of a note to extend the time of its payment for a definite period will operate to release a surety on the note, if made without his consent, a mere forbearance to promptly enforce the collection of the note by suit will not necessarily have that effect.

3.—Same—Presumption—Acceptance of Interest—Charge.

The presumption of an agreement to extend payment of a note arising from interest being accepted in advance is a presumption of fact, not of law, and no reference whatever should be made to it in the charge where, as in this case, there was other evidence to consider on the issue.

4.—Same—Charge—Harmless Error.

While a charge that the receipt of interest in advance was prima facie and not conclusive evidence of an agreement of extension, was to some extent on the weight of evidence, it was not so far prejudicial to the defendant surety as to constitute reversible error.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Paschal & Ryan,* for appellant.

*Thomas Haynes, Perry J. Lewis,* and *H. C. Carter,* for appellee.

JAMES, CHIEF JUSTICE.—The note sued on was joint and several and executed by Thad W. Smith, A. P. Rivas and Charles Guerguin for $1000, with certain attorney's fee and interest. Rivas did not answer, defendant Smith filed only a general denial, and as the judgment recites "came not." Defendant Guerguin pleaded that he was surety for his co-defendants, that his relation was known to plaintiff Boone, and that the latter, without his knowledge or consent, after the maturity of the note extended it for a definite period for a valuable consideration paid by defendant Smith.

Before announcement of ready Guerguin filed the statutory admission, and prayed for the right to open and conclude in adducing the evidence and in the argument. This was refused. We overrule the first assignment presenting this ruling as error on the authority of the opinion in Hittson v. State National Bank, reported in 14 S. W. Rep., 780. .

The portion of the charge complained of by the second assignment is as follows:

"You are further instructed that if you find from the testimony that

the plaintiff, without the consent of defendant Guerguin, agreed with defendant Smith to extend the time for the payment of the note herein sued upon for a definite length of time, then you are instructed that said defendant Guerguin was thereby released from such obligation and you will return your verdict for said defendant Guerguin, but in this connection you are further charged that a mere forbearance upon the part of plaintiff to enforce collection of said note would not amount in law to an extension of the time for the payment of the note."

The propositions in support of the complaint are that a forbearance to enforce collection for a definite time upon sufficient consideration, amounts in law to a legal extension, and payment of interest is a sufficient consideration therefor; and that the charge was in effect that while an extension will release, a forbearance to sue does not do so under any circumstances. The criticisms are not well founded. There was no dispute in the evidence as to the fact that on one occasion after the note had matured Boone received from Smith a quarter's interest in advance, and the court assumed in its charge and in this very paragraph that if an agreement to extend was made, it was a valid contract, thereby assuming that it was supported by sufficient consideration. The issue submitted was whether or not there had been an agreement for such an extension. The instruction in question told the jury to find for Guerguin if an agreement was had as to extension, but that a mere forbearance on plaintiff's part to sue (by which any jury of ordinary intelligence must have understood forbearance to sue, in the absence of an agreement by plaintiff not to do so) would not amount to an extension. Besides, in a charge requested by defendant and given, the jury were told to find for Guerguin if Boone agreed with Smith to forbear enforcing collection or payment of the note for a definite length of time in consideration of interest.

We may dispose of the third assignment of error by stating that comparison of the refused charge with the paragraph in the court's charge above quoted and with defendant's special charge that was given, will show that this refused charge contained nothing more than what was substantially given, and more favorably to defendant.

The fourth assignment complains of the placing upon Guerguin the burden of proof "to show by a preponderance of the evidence" that an agreement to extend the note existed. The proposition is that payment of interest in advance is prima facie evidence of an agreement to extend to the time for which the interest is so paid, and Guerguin having shown such a payment in advance by Smith, the burden devolved on Boone to show that no agreement to extend was made.

If there had been no testimony on the issue of the existence of an agreement, except the fact that Boone had taken a quarter's interest in advance, the case would have presented itself very differently. But there was other testimony pro and con on the issues, and the burden of the

whole issue was on defendant. The presumption arising from interest being accepted in advance is a presumption of fact, not of law, and no reference whatever ought to be made to it in the charge, where there is other evidence to consider on the issues. Its mention in such a situation is apt to confuse and mislead, and besides it is to some extent on the weight of evidence. Haldt v. Webster, 60 Texas, 207; Stooksberry v. Swann, 85 Texas, 566.

The fifth assignment complains of plaintiff's special charge number 2 given, wherein it told the jury that payment in advance of interest upon a note is prima facie and not conclusive evidence of an agreement to extend the note. From the discussion of the preceding assignment the instruction, in so far as it stated the presumption, was improper. But this was manifestly not prejudicial to defendant. Of this there could be no doubt had it merely stated that it was prima facie evidence of the fact. The difficulty, if any, arises from the expression "prima facie and not conclusive evidence." If there be anything in this charge of which the defendant could complain, it would be the statement that payment of interest in advance was not conclusive evidence of an agreement to extend.

His proposition is "that a charge that certain evidence is prima facie but not conclusive proof, is upon the weight of evidence."

In the first place we think the additional words were only designed and can only be understood as explanatory of "prima facie" evidence; and a charge that the fact of such payment was prima facie evidence of an extension was advantageous to defendant rather than otherwise.

In the second place, inasmuch as the jury might naturally have formed the idea that payment of interest in advance was tantamount of an agreement to extend, it was not improper for the court to explain to them that such was not the case. This would not be a charge on the weight of evidence, unless is some aspect of the case the jury might have been warranted in considering such fact alone as conclusive. This was not stating the effect of such evidence, but simply that it was not conclusive of the issue. When the court stated that it was prima facie evidence, this was giving it weight and effect, but the court did not do this by stating that it was not conclusive evidence.

A contention appearing in appellant's brief that this particular charge required defendant to make conclusive proof of an extension, can not be sustained. The nature of the charge was not to that effect at all; and the jury were instructed that he had only to show it by a preponderance of the evidence.

We overrule the sixth assignment. The charges were not contradictory.

We overrule the seventh assignment also, as we find the evidence supports the verdict and was not such as to demand the granting of a new trial.

*Affirmed.*

ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—It will be seen that the terms for holding District Court in Bexar County (where all the parties resided) bring this case within the terms of the opinion in Maddox v. Lewis, 12 Texas Civ. App., 424.

Boone testified that the only time Smith ever paid interest before it was due was by the payment on June 8, 1901, for the quarter which ran until August 2, 1901. As to Smith having previously paid other installments before they became due and extension then made, this was disposed of by the above denial of Boone, if accepted as true. The payment of interest before the expiration of the quarter on June 8, 1901, is conceded. Boone's version of the transaction shows that nothing was said, and no agreement made, about an extension.

As the matter stood on June 8th, a current quarter's interest was not yet due. At that time Smith was unable to pay the note, and for that matter was unable to pay it at the end of the quarter. Boone was not in a position to enforce payment by that time, as no court was open to him until after the quarter. The note was as good as extended by force of these circumstances. Both knew that it would not be paid during that quarter. If under these circumstances Boone received the interest before the end of the quarter, the surety ought not to be held discharged by that fact alone, unless it be made to appear that in consideration of the advance interest Boone contracted to extend the note to the end of the quarter.

The motion is overruled.

*Overruled.*

Writ of error refused.