COMMERCIAL SAVINGS BANK OF CARROLL, Appellant, v. HENRY DUNNING et al., Appellees.

GUARANTY: Discharge—Extension of Time—Prima-Facie Presumption. The indorsement on an overdue promissory note of interest in advance of its maturity does not constitute conclusive evidence that the parties have entered into a binding agreement for the extension of the time of payment. The presumption is not more than a prima-facie one.

Headnote 1: 28 C. J. p. 1032.

Headnote 1: 12 R. C. L. 1085.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

OCTOBER 26, 1926.

Suit on a written contract of guaranty of a promissory note. The court directed a verdict in favor of the defendants, and the plaintiff appeals.—*Reversed.*

*Helmer & Minnich, O. D. Nickle,* and *Farr, Brackney & Farr,* for appellant.

*Jepson, Struble & Anderson* and *Prichard & Prichard,* for appellees.

FAVILLE, J.—On June 2, 1920, one Kueny executed and delivered to the Danbury Trust & Savings Bank his negotiable promissory note for the principal sum of $5,000, due November

2, 1920, and bearing interest at 8 per cent per annum from date. The Danbury Bank transferred said note to the appellant before maturity, and indorsed the same without recourse. The appellees were directors of the said Danbury Trust & Savings Bank, and, by written instrument, jointly and severally guaranteed to the appellant the payment of all bills, notes, and evidences of debt discounted by the Danbury Trust & Savings Bank to the appellant. It is upon this contract of guaranty that this action is predicated.

One defense pleaded is that the time of payment of the note in controversy was extended by the appellant without the consent of the appellees, and that by reason thereof the appellees were discharged from liability under said guaranty. On October 20, 1920, the appellant wrote a letter to Kueny, the maker of said note, informing him that the note would be due November 2d, with interest from June 2d, at 8 per cent. The letter contained the following:

"We will ask that this note be paid when due. Kindly arrange to have your draft here by November second, at which time the interest amounts to $166.67."

No reply was received to this letter.

On November 3d the appellant wrote to Kueny as follows:

"Your note of $5,000 was due November second, with interest from June second at eight per cent. We are obliged at this time to insist, upon payment of this note and if we do not hear from you by return mail, must take some legal steps to collect this paper. I trust you will not cause yourself any additional expense, and relieve us of any further trouble. Will appreciate a reply with an enclosed draft for the amount of this note and interest."

On November 4th Kueny wrote the appellant the following:

"Yours of the 3rd at hand was surprised as I had thought the other notice said Due 1st so will skirmish around & think I can fix things up satisfaction to you in a short time you know this is quite a large sum & it is impossible to raise it in 1 or 2 days this bank here led me to believe when I gave this note that they did not care how long it would run."

On November 7th Kueny again wrote appellant:

"Since I wrote you I have been inquiring around and found where I can get 2 or 3000.00 by Dec 1st if you will send

that note to the Bank here where it was given by Dec 1st I will pay the above amount on it and pay the rest by Mar. 1st. that is the best I can do. Mr. Geo. Braig thought that would be satisfactory if I explained the matter to you. Hoping that this arrangement will meet with your approval I remain."

No answer to either of these letters appears to have been made by the appellant.

On November 13th Kueny sent the appellant a check for $210. It does not appear that any letter accompanied said check. Upon receipt of said check for $210, the appellant indorsed upon the said note the following:

"November 13, 1920. Interest paid to December 11, 1920, $210."

On November 15, 1920, the appellant wrote Kueny as follows:

"In reply to your favor, with inclosure of $210 which I have credited you on the back of the note, beg to advise, that if you will send us $3,000 by December first, we will not take any action at this time. However, though, if we do not receive this money by December first, it will be absolutely necessary for us to place this in for judgment and if possible collect it through legal proceedings."

On December 3d Kueny remitted to the appellant $2,000, which was also indorsed on the note.

At this point, the question is whether, as a matter of law, the payment of $210 by Kueny on November 13th, and the indorsement as made upon the note by the appellant, constituted an extension of the time of payment of said note so as to release the guarantors.

Section 9581, Code of 1924, is as follows:

"A person secondarily liable on the instrument is discharged: * * * By an agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."

This is the same statute that was in effect prior to the Code of 1924. This paragraph is only declaratory of the common law. See, also, *Christner v. Brown,* 16 Iowa 130; 2 Daniel on Negoti-

able Instruments (6th Ed.), Section 1312; *Springer Lithograph-ing Co. v. Graves*, 97 Iowa 39.

The basis for a claimed extension of the time of payment must be an agreement, express or implied, which finds support in some consideration. In *Christner v. Brown*, 16 Iowa 130, we said:

"There can be no doubt that the actual receipt of interest in advance will form a sufficient consideration to uphold an agreement to give time to the principal, and that, under such circumstances, there will be a complete exoneration of the surety."

The actual receipt of interest in advance is sufficient *consideration* to support an agreement for an extension of time, if such an agreement is in fact entered into, either expressly or impliedly. 32 Cyc. 207. But there is a conflict of authorities upon the question of the effect of an indorsement of interest in advance as showing an *agreement* to extend.

In *Mariner's Bank v. Abbott*, 28 Me. 280, the rule is laid down in that jurisdiction as follows:

"The mere receipt of interest for a stipulated time, from the principal by the creditor, after the note has become payable, it has been decided in this state, is not sufficient evidence of an agreement to give further credit."

In *Haydenville Sav. Bank v. Parsons*, 138 Mass. 53, the rule in that state is declared to be:

"It has been held repeatedly in this commonwealth that receipt of interest in advance upon an overdue promissory note from the maker does not of itself import such a giving of time as will discharge the sureties."

The rule also obtains in Missouri that the receipt of interest in advance for a definite period does not of itself furnish any evidence of a valid contract for an extension of time for its payment.

Appellant contends that we should follow the rule of Massachusetts, Missouri, and Maine, and that the indorsement of the interest in advance upon the note was not any evidence of any agreement for an extension of the time of payment. We are not disposed to follow the rule of the cited cases. It is contrary to the great weight of authority, and we think the better rule is that the payment of interest in advance is prima-facie evidence

of an agreement for an extension of the due date of the note. Such appears to be the rule in many jurisdictions. As sustaining said rule, see 1 Brandt on Suretyship and Guaranty (3d Ed.), Section 386; *Crosby v. Wyatt,* 10 N. H. 318; *Lazelle v. Miller,* 40 Ore. 549 (67 Pac. 307); *Farmers Bank of Wickliffe v. Wickliffe,* 134 Ky. 627 (121 S. W. 498); *Skelly v. Bristol Sav. Bank,* 63 Conn. 83 (26 Atl. 474); *Walley v. Deseret Nat. Bank,* 14 Utah 305 (47 Pac. 147); *Starret v. Burkhalter,* 86 Ind. 439; *Hollingsworth v. Tomlinson,* 108 N. C. 245 (12 S. E. 989); *Scott v. Saffold,* 37 Ga. 384; *Hamilton v. Winterrowd,* 43 Ind. 393; *St. Paul Tr. Co. v. St. Paul C. of C.,* 64 Minn. 439 (67 N. W. 350).

The question arose in this state in *Davis v. Graham,* 29 Iowa 514, in which we said:

"A proposition of doubt is whether, as was held in *People's Bank v. Pearsons,* 30 Vt. 711, and other cases, the reception of interest in advance upon a note past due is prima-facie evidence of a valid contract to give time of payment. For the purposes of this case, the rule may be conceded as claimed by defendants, without affecting the result. For, coming back to the plain, cardinal principle upon which this defense rests, and which is the real measure of defendants' rights and plaintiff's duty, we find that, in order to discharge the surety by an agreement for an extension of time to the principal, it is necessary that the creditor should thereby be precluded from proceeding in the collection of his claim. If the creditor is neither expressly nor impliedly disabled by the agreement from suing on the demand at any time, the claimed enlargement of the credit will not discharge the surety. Apply this rule to the facts of this case, and plaintiff was clearly entitled to judgment. *Hunt v. Postlewait,* 28 Iowa 427."

What is said in the *Davis* case is particularly applicable to the facts of the instant case. In order to apply the rule of the discharge of the guarantor or surety by an agreement for an extension of time of payment, there must be such an agreement as will bar the creditor from thereafter proceeding in the collection of his claim within the time. If the holder of the note has not bound himself, expressly or impliedly, by an agreement, from suing on the demand at any time thereafter, the claimed extension of credit does not discharge the guarantor.

In the instant case, contemporaneously with making the indorsement in question upon the note, the appellant wrote to the appellee, stating that the $210 had been credited on the back of the note. No reference was made to an extension of the time of payment, or that the same had been indorsed as interest. The letter then said:

"If you will send us $3,000 by December first, we will not take any action at this time. However, if we do not receive this money by *December first*, it will be absolutely necessary for us to place this in judgment."

This statement in the letter is inconsistent with the contention that by the indorsement upon the note the appellant had intended to and did extend the time of payment to *December 11th*. There is no reference to any extension of the note whatever, except the statement that, if a payment of $3,000 was made by December 1st, in such event no action would be taken "at this time." However, appellant said that, if it did not receive this money by December 1st, "it will be absolutely necessary to place the note in judgment."

In the case of *Cape Charles Bank v. Farmers Mutual Exchange,* 120 Va. 771, the court reviewed the authorities on the subject of the effect of the indorsement of advance interest on a note as evidence of an agreement to extend the time of payment. The court says:

"However, even in those jurisdictions where the effect is given above mentioned, to the payment and acceptance of interest in advance, as prima-facie evidence, when there is other evidence, such as the acts, situation of, and circumstances which surround the parties, but slight evidence to the contrary will rebut the prima-facie case made by the evidence of payment and acceptance of interest in advance."

See, also, *Denison University v. Manning,* 65 Ohio St. 138.

We are clearly of the opinion that the indorsement of the payment of interest in advance upon said note was, under the greater weight of authority, not conclusive evidence of an agreement to extend the time of payment, but, at most, only prima-facie evidence of such an agreement, which was subject to be rebutted by evidence of facts and circumstances tending to show that no such agreement was, in fact, made between the parties.

In *Cape Charles Bank v. Farmers Mutual Exchange,* supra, it is said:

"When implied in law, it is still a contract in fact, and not in law (*Guerguin v. Boone,* 33 Tex. Civ. App. 622, 77 S. W. 630) ; and hence an actual meeting of the minds of the contracting parties is essential to such an agreement, to bring it within the operation of the statute and common-law rule which the latter has enacted."

Under the record in this case, it was a question for the jury to determine whether, notwithstanding the recitals of the indorsement upon the note, and the inferences to be drawn therefrom, there was in fact an agreement between the parties for an extension of the time of payment.

The court erred in holding that, as a matter of law, upon the entire record, there was such an extension of the time of payment of the note in question. For this reason, the judgment must be, and it is, reversed.—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.