BARNETT v. FIRST NAT. BANK IN MERIDIAN.

(Division B. April 21, 1947.)

[29 So. (2d) 922. No. 36340.]

Cecil A. Rogers, of Meridian, for appellant.

Gibson B. Witherspoon and Snow & Covington, all of Meridian, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant Barnett was induced by Charles E. Walters to endorse his promissory note in the amount of $1,000, payable to the appellee fifteen days after date. Walters thereby became primarily liable, and, as endorser, appellant secondarily liable. Appellee Bank advanced the money on this note, and at the time, its President informed appellant that "Mr. Walters wanted to borrow a thousand dollars for fifteen days, and he stated you will endorse his note. . . . Mr. Walters has not any credit with the Bank, but we will agree to lend him a thousand dollars provided you will endorse the note and agree to pay it at maturity in case Mr. Walters does not." This was agreeable to appellant, and Mr. Walters received the

money. This evidence is important in view of a letter later written by the bank president, to Mr. Barnett, appellant, after default by Walters in payment.

The note matured, and Walters paid a small part of the amount due, and requested an extension on the balance. The same official, through whom the bank made the original loan, refused to grant such extension without permission of the endorser. This was on June 1, 1945. Mr. Barnett did not call at the bank, or in any other way, convey to it, his assent to an extension. Mr. Walters made no further payments, and on June 19, 1945, the president of the bank wrote the following letter to appellant:

"June 19, 1945

"Mr. J. W. Barnett

"Vossburg, Miss.

"Dear Mr. Barnett:

"With further reference to note dated May 1, due June 1 signed by Charles E. Walters Development Company, endorsed by you for $1,000, this is to advise that Mr. Walters was in the bank on June 1, the date this note matured, and paid $100 and interests, reducing the principal to $900.00. He requested an extension to July 1 which we agreed, if satisfactory to you, to make. Since the extension time agreed upon will expire within the next ten days, we thought you should know about the payment made by Mr. Walters so that you could arrange to pay the balance on July 1, in accordance with your agreement to the writer when you were last in the office, to the effect that you would give us a check whenever we requested it.

"Since things have turned out as they have, we believe it will be to the best interest of all concerned for you to take up the note on or before July 1.

"With regards, we are

"Sincerely yours,

"W. D. Cook, President"

"WDC:b

According to the further undisputed testimony of the president of the bank, he exhausted all other means of collection from Mr. Walters and appellant, and upon their refusal to pay the balance, the matter was turned over to the attorneys of the bank, and this was brought by them in the Circuit Court of Lauderdale County for the amount thus past due, plus interest and attorneys' fees, as provided in the note. At the end of all of the evidence, without material conflict as to the evidentiary facts, supra, the court granted appellee a peremptory instruction to the jury to find for it, and judgment was entered accordingly.

On the appeal here, several assignments of error are directed to our attention, but the only one thereof which we deem merits discussion is that ''The court erred in not finding that the defendant, J. W. Barnett, was discharged as a matter of law.'' Appellant argues that the letter above set out sustains his contention that Walters, as primary maker, was granted an extension on the balance of the note, without appellant's assent as the party secondarily liable therefore. At the trial, appellant testified that he had not been in the bank between the time of the original negotation of the loan and the date of the letter. It is plain from all of the evidence that the letter makes no such implication, and the conversation to which reference therein is made was the one had at the time Mr. Walters received the money.

The letter specifically stated that Mr. Walters was told an extension would be granted only if satisfactory to appellant. This is not contradicted in the record. As stated, ante, appellant had not conveyed his assent thereof to the bank, nor did the bank so claim. The bank denied the granting of any extension, and the appellant contends here only that it was granted by operation of law,—not by the actual agreement of the appellee bank. Appellant cites Section 161, Code 1942, a part of the Negotiable Instruments Law, and contends correctly that a person secondarily liable on a negotiable instrument is

discharged, (quoting from the Statute) ''By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved.''

Appellee, however, argues that no such agreement was in fact made, and that since ''the right of recourse against such party (appellant here) is expressly reserved,'' this statute did not operate to discharge appellant as a matter of law. However, it is necessary for us to decide one precise point only, in order to dispose of this issue. The Negotiable Instruments Act provides that there must be an agreement of an extension of the time of payment of a negotiable instrument ''binding upon the holder,'' to which the endorser has not assented, in order to discharge an endorser from liability thereon. In dealing with the rule here involved the Supreme Court of Nebraska in Re Estate of George Hoagland (Leshara State Bank v. Hoagland), 128 Neb. 219, 258 N. W. 538, 542, quoted with approval this announcement of the rule by the Michigan Court in Peninsular Savings Bank v. Hosie, 112 Mich. 351, 70 N. W. 890, (after adoption of Negotiable Instrument Act): ''The acceptance by the holder of a past-due promissory note of a new note for the amount of the old, with interest, payable 'on demand after date,' with interest, is not such an extension of time as will release an endorser of the old note, since the new note is due and suable immediately.'' In other words, the holder there had not put itself in a position whereby it could not sue immediately for the amount due. Neither did the appellee here put itself in a position whereby it could not sue at any time for the balance due.

In 8 Am. Jur., Sec. 811, Bills and Notes, page 461, it is there declared to be ''well settled that an agreement between the holder and principal debtor which will discharge the party secondarily liable must be a valid and binding agreement, and one which presents a legal ob-

stacle for the time to the prosecution of an action upon the original instrument. . . . The extension must be for a definite and certain time, and it must postpone the right to pay, as well as the right to demand or enforce payment.'' See also Commercial Savings Bank of Carroll v. Dunning et al., 202 Iowa 478, 210 N. W. 599, 59 A. L. R. 983.

As stated, supra, inasmuch as the bank refused to grant to Mr. Walters the requested extension of time for payment of the balance due on the note, unless appellant assented thereto, the bank never was bound not to sue, and the appellant was not discharged from liability as endorser of the note on which this action was brought. We find no reversible error in the record of the trial of this case, and the judgment of the circuit court is, therefore, affirmed.

Affirmed.