**Marvin THORNTON, Appellee,**

v.

**ANKENY STATE BANK, Appellant.**

**No. 89–300.**

Court of Appeals of Iowa.

Jan. 25, 1990.

Larry J. Handley of Handley & Block, Ankeny, for appellant.

Kolleen K. Samek, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

The defendant Ankeny State Bank (Bank) appeals a ruling of the district court holding that the plaintiff was no longer liable to the Bank on a note originally executed by plaintiff, on the grounds of no new consideration. We affirm the trial court.

In October 1985, Marvin Thornton executed a note as a cosigner in favor of the Ankeny State Bank on behalf of Patricia Newville in the amount of $3,326.79 with interest of 15% per annum. The note was due and payable on or before November 18, 1985. On that date Thornton made no payment, nor did Newville.

In May 1986 an extension agreement was signed by both Thornton and Newville reducing the interest rate and extending the time for payment until June 1, 1986. This deadline passed without any payments being made on the principal. On September 11, 1986, another extension agreement was signed by Newville, but not Thornton. The debt was extended to October 1, 1986.

When the October payoff date was not met, the Bank set a notice of default for

nonpayment to Newville and Thornton. Newville subsequently filed for bankruptcy, and was eventually discharged as to the debt in question.

Upon hearing of the bankruptcy, Thornton went to the Bank to ascertain the status of the note and his liability. Thornton agreed to execute a new note for the original balance plus accrued interest at a rate of 10% and agreed to pay said amount on or before September 10, 1987. Thornton was then given all documentation concerning the original note. Thornton, upon learning of the second extension, refused to pay and filed an application for declaratory relief.

Hearing was held on Thornton's declaratory relief action in November 1988. At trial, an employee of the Ankeny State Bank agreed that if Thornton wasn't obligated on the original note, then the second note lacked valid consideration. The trial court concluded that since Thornton had no knowledge of the second extension, the act of granting a second extension without his consent acted as a release in favor of Thornton as to his obligations as guarantor of the note. Since Thornton was released from his obligations on the first note, there was no valuable consideration offered by the second, and Thornton was relieved of this obligation as well. The Bank subsequently appealed.

The Bank argues that Thornton was aware that a second extension had been granted to Newville. The Bank contends that Thornton did not object to his liability after receiving the notice of default, and even negotiated a new note to pay off the debt. The Bank further believes there was valuable consideration given for the second note since it decided to forego its legal rights and enter into a new agreement, which would be cheaper than initiating legal action. Thornton, on the other hand, received the benefits of favorable interest rates and a reduction in the amount due and payable. Therefore, the Bank argues, the trial court erred in holding there was no valuable consideration for the second note.

Although this is a declaratory judgment action under Iowa Rule of Civil Procedure 267, we review it as any other judgment. Our scope of review is governed by how the case was tried in district court. *Grinnell Mutual Reinsurance Co. v. Voeltz*, 431 N.W.2d 783 (Iowa 1988). This case was tried in equity, so our review is de novo. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ I. The first issue raised by the Bank is whether the second extension granted to Patricia Newville without the consent of Thornton relieves him from liability as a guarantor. We agree with the trial court that there was no evidence that Thornton knew about the second extension. In *Davis Sewing Machine Co. v. McGinnis*, 45 Iowa 538, 541–42 (1877), the Iowa Supreme Court found that if, under the contract of guaranty, the guarantee took other or different notes than those provided for in the contract, or gave additional time for payment to the principle, or waived any material condition on which payment was to be made, the guarantor was released from liability. As the trial court found, this is clearly a case where, unknown to the guarantor, the Bank extended the time for payment to the principle. The Iowa Supreme Court further stated in *Commercial Savings Bank v. Dunning*, 202 Iowa 478, 480, 210 N.W. 599, 600 (1926), that the guarantor must assent to the extension of time granted to the principle, and if the assent is not obtained, the guarantor is discharged. The law required that the Bank obtain Thornton's consent before granting a second extension of time to the principle. It did not do so and therefore Thornton is released from his obligation as guarantor of the note.

■ II. The second contention raised by the Bank is whether sufficient consideration existed to hold Thornton liable on the

second note. The burden is on the party that seeks to show lack of consideration. *See Insurance Agents, Inc. v. Abel*, 338 N.W.2d 531 (Iowa App.1983). The plaintiff has met this burden of proof. "All contracts ... shall import a consideration." Iowa Code § 537A.2. "The want or failure, in whole or in part, of the consideration of a written contract may be shown as a defense, total or partial...." Iowa Code § 537A.3. The Bank argues two different forms of consideration existed to support the second contract. The first is the failure of the Bank to take legal action against Thornton to collect on the first note. The second is the reduction in interest rates given on the second note. Both of these forms of consideration fail because Thornton had no obligation to pay the original note once the second extension was granted. There is no evidence to suggest that Thornton was attempting to avoid litigation. The fact that the Bank lowered the interest rate cannot be consideration on a nonexistent obligation. In addition, the decision by the Bank to forgo litigation against Thornton cannot be consideration if Thornton was not aware it was part of the bargain. We find there was no consideration to support the contract. We affirm the trial court.

AFFIRMED.